ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
FRANK A. TODDRE, II
Nevada Bar No. 11474
Frank.Toddre@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMTH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| GINA CASTRONOVO-FLIHAN, | CASE NO. 2:20-cv-1197-JCM-DJA |
| Plaintiff, | |
| vs. | **JOINT PRE-TRIAL ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign company; AND DOES I through V, inclusive | |
| Defendants. | |

Following pretrial proceedings in this case, pursuant to Local Rule 16-3 and 16-4, IT IS SO ORDERED:

I.    **STATEMENT OF ACTION**

This is an action for Breach of Contract under Nevada's common law. While the complaint originally held causes of action for Breach of the Covenant of Good Faith and Fair Dealing, and for violations of NRS § 686A.310, those causes of action were dismissed by a Partial Motion for Summary Judgement granted by this Court.[1]

The issues for trial are the allegations of State Farm's unreasonable and improper conduct

---

[1] ECF 54.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

in breaching the insurance policy with Plaintiff and Plaintiff's damages, if any.

A.     **Plaintiff's Contentions**

1.     Plaintiff performed all conditions of the insurance policy.

2.     Plaintiff was owed benefits under the insurance policy.

3.     Defendant failed to provide the insurance benefits due and owing under the insurance policy.

4.     Defendant breached the insurance policy by manufacturing reasons to deny the insurance benefits due and owing to Plaintiff under the insurance policy.

5.     Defendant breached the insurance policy by making the claims process an adversarial or competitive process.

6.     Defendant breached the insurance policy by relying upon insufficient, speculative and/or biased information.

7.     Defendant breached the insurance policy by failing to acknowledge and act reasonable upon communication with respect to Plaintiff's claim under the insurance policy.

8.     Defendant breached the insurance policy by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims.

9.     Defendant breached the insurance policy by failing to promptly equate and communicate the evaluations to Plaintiff.

10.     Defendant breached the insurance policy by failing to offer to Plaintiff what was owed.

11.     Defendant breached the insurance policy by refusing to communicate with Plaintiff and perform an investigation as to her general damages for the evaluation.

12.     Defendant breached the insurance policy by reducing Plaintiff's claim by improperly basing her claim upon Medicare values for medical treatment through a claims software system.

13.     Defendant breached the insurance policy by denying Plaintiff's claim for the full policy limits.

14.     Defendant breached the insurance policy by making misrepresentations to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1                                    2

Plaintiff.

15.    Defendant breached the insurance policy by delaying in its investigation and evaluation of the claim.

16.    Defendant breached the insurance policy by denying the claim before completing an evaluation.

17.    Defendant breached the insurance policy by training its adjusters to deny benefits by making unreasonably low offers that are below the evaluations.

18.    Defendant breached the insurance policy by refusing to communicate its evaluation to Plaintiff.

19.    Defendant breached the insurance policy by failing to provide an explanation of its offer and evaluation to Plaintiff.

20.    Defendant breached the insurance policy by misrepresenting and improperly asserting that the in-person meeting between its adjuster and Plaintiff has to take place in a public library.

21.    Defendant breached the insurance policy by failing to consider the new information of Plaintiff's general damages after the in-person interview and increase the value of Plaintiff's claim.

22.    Defendant breached its promise for the bargain that when the insured, Plaintiff, was in need, Defendant, as the insurance company, will be there to help like a Good Neighbor.

23.    Defendant breached the insurance policy by failing to pay Plaintiff a portion of the policy benefits commonly known as the impasse payment or undisputed amount.

24.    Defendant breached the insurance policy by failing to offer the full value of the evaluations for the owed policy benefits.

25.    Defendant breached the insurance policy by failing to give equal considerations to Plaintiff.

26.    Defendant breached the insurance policy by failing to comply with policies and procedures in retaining medical experts.

27. Defendant breached the insurance policy by delaying in its retention of experts.

28. Defendant breached the insurance policy by refusing to consider all of Plaintiff's medical expenses without any medical expert opinion and/or notations in the claim file as to the basis for the denial.

29. Defendant breached the insurance policy by failing to consider any future general damages.

30. Defendant breached the insurance policy by failing to handle the claim in accordance with its own policies and procedures.

31. Defendant breached the insurance policy by failing to offer the full authority for the benefits owed to Plaintiff.

32. Defendant breached the insurance policy by failing to give a prompt and forthright explanation to Plaintiff as to the company's position with respect to the claim.

33. Defendant breached the insurance policy by failing to conduct a diligent search for facts as promptly as possible.

34. Defendant breached the insurance policy by creating false or fictitious issues to avoid providing and/or paying benefits due and owing to Plaintiff.

35. Plaintiff has been forced to retain the services of an attorney in prosecution of the Complaint, incurring expensive legal fees, court costs, and for fees for other professionals for which Defendant is responsible

**B.    Defendants' Contentions**

Defendant contends that they did not breach the subject insurance policy contract, Policy Number #136 2037-F22-28.

More specifically, Defendant contends the following:

1. Prior to the subject accident in 2019, Plaintiff experienced a separate motor vehicle accident related injury when she was rear-ended in March 2017, and experienced neck pain radiating to her arms, shoulder pain, headaches, and low back pain radiating to her legs.

2. Said third-party tortfeasor, Mr. Bacon, was insured under a liability policy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  under Farmer's Insurance.

2          3.      Plaintiff Castronovo-Flihan's complaint fails to state a cause of action against

3  these answering defendants upon which relief can be granted.

4          4.      Plaintiff Castronovo-Flihan did not fulfill her duty to cooperate with

5  Defendant State Farm under the terms of the subject policy.

6          5.      Defendant State Farm did not breach the terms of the subject policy, but

7  instead simply requested a medical examination, as allowed under the terms of the subject policy,

8  §6(a)(2).

9          6.      Plaintiff's remaining damages, if any, were actually and proximately caused

10  by her prior 2017 Motor Vehicle Accident.

11          7.      The valuation of the claim by State Farm Mutual Automobile Insurance

12  Company was reasonable.

13          8.      Defendant State Farm complied with the terms of the subject policy, case law,

14  and Nevada statutes.

15          9.      If any damages are proven in this case, the basis of those damages lies only

16  with the breach of contract claim.

17          10.      State Farm generally denies Plaintiff's allegations set forth herein, and

18  incorporates by reference the denials set forth in Defendant's Answer to Plaintiff's Complaint on

19  file with the Court in this matter and raise the following affirmative defenses:

20                  (a)      Plaintiff has failed to state a claim upon which relief could be granted.

21                  (b)      Plaintiff failed to mitigate her damages.

22                  (c)      The damages allegedly sustained by Plaintiff, if any, were not caused

23                          by any breach of contract or duty by Defendant State Farm Mutual

24                          Automobile Insurance Company, but rather by the acts or omissions

25                          of third persons who were not acting on behalf of Defendant State

26                          Farm Mutual Automobile Insurance Company

27                  (d)      Defendant State Farm Mutual Automobile Insurance Company is

28                          informed and believes, and based upon information and belief, alleges

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1                                                                          5

that the complaint, and each and every purported claim for relief in said Complaint, is subject to all the terms, conditions, provisions, definitions, limitations, exclusions, and endorsements in the subject insurance policy. Plaintiff's claim is barred, excluded, restricted, and/or limited accordingly.

(e)    Plaintiff has failed to satisfy one or more conditions precedent and required under the subject insurance policy upon which she seeks recovery.

(f)    Defendant State Farm Mutual Automobile Insurance Company has acted reasonably in good faith in all aspects under the circumstances known to it and continues to do so.

(g)    Defendant State Farm Mutual Automobile Insurance Company has fulfilled its obligations under the subject policy, and that all actions it has taken relevant to Plaintiff's claim have been accomplished in good faith.

(h)    Defendant State Farm Mutual Automobile Insurance Company did not violate any duty owed to Plaintiff under the common law, contract, or statute.

(i)    The damages claimed by Plaintiff, if any, are speculative, are not supported by proof, and thus not compensable as a matter of law.

(j)    The damages claimed by Plaintiff were not proximately caused in full by the accident described in the complaint.

(k)    This suit is not ripe as Plaintiff has failed to establish a claim of legal entitlement under the terms of the policy of insurance.

(l)    Any verdict against Defendant State Farm Mutual Automobile Insurance Company must be apportioned between injuries directly caused by the accident described in the Complaint and other medical conditions or injuries which may have predated or occurred

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

6

subsequent to said accident.

    (m)    Defendant State Farm Mutual Automobile Insurance Company is entitled to offset any amounts paid to Plaintiff for damages allegedly sustained in this action, including any amounts paid by or on behalf of any other insurer or responsible party, against any amounts that may be owed by Defendant to Plaintiff. Further, Defendant is allowed to offset additional amounts to the total value of Plaintiff's claim in accordance with the subject insurance policy terms and/or Nevada law.

    (n)    Defendant State Farm Mutual Automobile Insurance Company has been forced to retain the services of an attorney in defense of the Complaint, incurring expensive legal fees, court costs, and for fees for other professionals for which plaintiff is responsible.

    (o)    Defendant hereby incorporates by reference those affirmative defenses listed in FRCP 12(b).

    (p)    Plaintiff lacks legal entitlement to recover her claim as contemplated by the Nevada Supreme Court in *Pemberton v. Farmers Insurance Exchange*, 109 Nev. 789, P.2d 380 (1993).

## II.   STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Gina Castronovo-Flihan is a resident of the State of Nevada. Defendant State Farm Mutual Automobile Insurance Company is a foreign entity incorporated in Illinois, with its principle place of business in Illinois, that is authorized to conduct business in the State of Nevada. Further, Plaintiff seeks damages in excess of $75,000, and therefore both requirements for federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332 are met. The parties do not dispute the jurisdiction of this Court.

## III.   ADMITTED FACTS

### A.   The following facts are admitted by the parties and require no proof

1.    The subject collision occurred as a result of third-party tortfeasor, Florian

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1    7

Baculao-Bacon, crashing into the driver's side of Plaintiff's vehicle at a high rate of speed.

2.     State Farm determined that Mr. Baculao-Bacon is 100% at fault for the subject collision, with Plaintiff Gina Castronovo-Flihan at 0% fault.

3.     Said third-party tortfeasor, Mr. Bacon, was insured under a liability policy under Farmer's Insurance.

4.     Farmer's Insurance paid Plaintiff Gina Castronovo-Flihan the policy limits of $50,000.00 on or about May 16, 2019.

5.     This action arises out of an insurance dispute following an automobile accident.

6.     At the time of the subject collision, January 23, 2019, Plaintiff Gina Castronovo-Flihan held a State Farm Mutual Automobile Insurance Company auto insurance policy, policy number 136 2037-F22-28.

7.     This policy, policy number 136 2037-F22-28, had underinsured motorist benefits of $100,000 policy limit per person, and a $300,000 policy limit per incident.

8.     Defendant has not paid any portion of the policy benefits to Plaintiff.

9.     Plaintiff suffered bodily injuries as a result of the subject collision on January 23, 2019.

## IV.    UNCONTESTED FACTS

### A.    The following facts, though not admitted, will not be contested at trial by evidence to the contrary

1.     After plaintiff submitted her proof of claim and provided medical records, defendant sent her a letter communicating its refusal to evaluate the claim until it received proof of third-party policy limits.

2.     Plaintiff supplemented her proof of claim with evidence that the underlying tortfeasor's policy limits were exhausted.

3.     Defendant offered Plaintiff $6,333.32 on September 24, 2019 to settle her claim.

4.     Defendant sent a representative to counsel for plaintiff's office on November

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

8

20, 2019 after months of Plaintiff requesting the same.

**V.      ISSUES OF FACT FOR TRIAL**

The following are the issues of fact to be tried and determined at trial

**A.      Plaintiff's Issues of Fact for Trial**

1.      Whether Defendant failed to provide the insurance benefits due and owing under the insurance policy.

2.      Whether Defendant breached the insurance policy by manufacturing reasons to deny the insurance benefits due and owing to Plaintiff under the insurance policy.

3.      Whether Defendant breached the insurance policy by making the claims process an adversarial or competitive process.

4.      Whether Defendant breached the insurance policy by failing to acknowledge and act reasonable upon communication with respect to Plaintiff's claim under the insurance policy.

5.      Whether Defendant breached the insurance policy by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims.

6.      Whether Defendant breached the insurance policy by failing to promptly equate and communicate the evaluations to Plaintiff.

7.      Whether Defendant breached the insurance policy by failing to offer to Plaintiff what was owed.

8.      Whether Defendant breached the insurance policy by refusing to communicate with Plaintiff and perform an investigation as to her general damages for the evaluation.

9.      Whether Defendant breached the insurance policy by reducing Plaintiff's claim by improperly basing her claim upon Medicare values for medical treatment through a claims software system.

10.     Whether Defendant breached the insurance policy by denying Plaintiff's claim for the full policy limits.

11.     Whether Defendant breached the insurance policy by making misrepresentations to Plaintiff.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1                                                     9

12.     Whether Defendant breached the insurance policy by delaying in its investigation and evaluation of the claim.

13.     Whether Defendant breached the insurance policy by denying the claim before completing an evaluation.

14.     Whether Defendant breached the insurance policy by training its adjusters to deny benefits by making low-ball offers that are below the evaluations.

15.     Whether Defendant breached the insurance policy by refusing to communicate its evaluation to Plaintiff.

16.     Whether Defendant breached the insurance policy by failing to provide an explanation of its offer and evaluation to Plaintiff.

17.     Whether Defendant breached the insurance policy by misrepresenting and improperly asserting that the in-person meeting between its adjuster and Plaintiff has to take place in a public library.

18.     Whether Defendant breached the insurance policy by failing to consider the new information of Plaintiff's general damages after the in-person interview and increase the value of Plaintiff's claim.

19.     Whether Defendant breached the insurance policy by failing to pay Plaintiff a portion of the policy benefits commonly known as the impasse payment or undisputed amount.

20.     Whether Defendant breached the insurance policy by failing to offer the full value of the evaluations for the owed policy benefits.

21.     Whether Defendant breached the insurance policy by failing to give equal considerations to Plaintiff.

22.     Whether Defendant breached the insurance policy by failing to comply with policies and procedures in retaining medical experts.

23.     Whether Defendant breached the insurance policy by delaying in its retention of experts.

24.     Whether Defendant breached the insurance policy by refusing to consider all of Plaintiff's medical expenses without any medical expert opinion and/or notations in the claim file

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

as to the basis for the denial.

25.     Whether Defendant breached the insurance policy by failing to consider future general damages.

26.     Whether Defendant breached the insurance policy by failing to handle the claim in accordance with its own policies and procedures.

27.     Whether Defendant breached the insurance policy by failing to offer the full authority for the benefits owed to Plaintiff.

28.     Whether Defendant breached the insurance policy by failing to pay the benefits due and owing to Plaintiff.

29.     Whether Defendant breached the insurance policy by relying upon insufficient, speculative and/or biased information.

30.     Whether Defendant breached the insurance policy by failing to give a prompt and forthright explanation to Plaintiff as to the company's position with respect to the claim.

31.     Whether Defendant breached the insurance policy by failing to conduct a diligent search for facts as promptly as possible.

32.     Whether Defendant breached the insurance policy by creating false or fictitious issues to avoid providing and/or paying benefits due and owing to Plaintiff.

33.     Whether Defendant breached its promise for the bargain that when the insured, Plaintiff, was in need, Defendant, as the insurance company, will be there to help like a Good Neighbor.

34.     The damages suffered by Plaintiff.

B.     **Defendant's Issues of Fact for Trial**

1.     Whether or not Plaintiff's medical bills incurred after the  January 23, 2019, subject accident were reasonably related to said subject motor vehicle accident.

2.     Whether or not Plaintiff's medical bills incurred after the subject accident were more reasonably related to Plaintiff's motor vehicle accident in May 2017.



131991983.1

11

3.      Whether or not Plaintiff's medical bills incurred were reasonable in scope to the injury occurred.

**VI.     ISSUES OF LAW FOR TRIAL**

The following are the issues of law to be tried and determined at trial:

**A.      Plaintiff's Issues of Law for Trial**

1.      Whether Defendant failed to provide the insurance benefits due and owing under the insurance policy.

2.      Whether Defendant breached the insurance policy by manufacturing reasons to deny the insurance benefits due and owing to Plaintiff under the insurance policy.

3.      Whether Defendant breached the insurance policy by making the claims process an adversarial or competitive process.

4.      Whether Defendant breached the insurance policy by failing to acknowledge and act reasonable upon communication with respect to Plaintiff's claim under the insurance policy.

5.      Whether Defendant breached the insurance policy by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims.

6.      Whether Defendant breached the insurance policy by failing to promptly equate and communicate the evaluations to Plaintiff.

7.      Whether Defendant breached the insurance policy by failing to offer to Plaintiff what was owed.

8.      Whether Defendant breached the insurance policy by refusing to communicate with Plaintiff and perform an investigation as to her general damages for the evaluation.

9.      Whether Defendant breached the insurance policy by reducing Plaintiff's claim by improperly basing her claim upon Medicare values for medical treatment through a claims software system.

10.     Whether Defendant breached the insurance policy by denying Plaintiff's claim for the full policy limits.

11.     Whether Defendant breached the insurance policy by making

misrepresentations to Plaintiff.

12.   Whether Defendant breached the insurance policy by delaying in its investigation and evaluation of the claim.

13.   Whether Defendant breached the insurance policy by denying the claim before completing an evaluation.

14.   Whether Defendant breached the insurance policy by training its adjusters to deny benefits by making low-ball offers that are below the evaluations.

15.   Whether Defendant breached the insurance policy by refusing to communicate its evaluation to Plaintiff.

16.   Whether Defendant breached the insurance policy by failing to provide an explanation of its offer and evaluation to Plaintiff.

17.   Whether Defendant breached the insurance policy by misrepresenting and improperly asserting that the in-person meeting between its adjuster and Plaintiff has to take place in a public library.

18.   Whether Defendant breached the insurance policy by failing to consider the new information of Plaintiff's general damages after the in-person interview and increase the value of Plaintiff's claim.

19.   Whether Defendant breached the insurance policy by failing to pay Plaintiff a portion of the policy benefits commonly known as the impasse payment or undisputed amount.

20.   Whether Defendant breached the insurance policy by failing to offer the full value of the evaluations for the owed policy benefits.

21.   Whether Defendant breached the insurance policy by failing to give equal considerations to Plaintiff.

22.   Whether Defendant breached the insurance policy by failing to comply with policies and procedures in retaining medical experts.

23.   Whether Defendant breached the insurance policy by delaying in its retention of experts.

24.   Whether Defendant breached the insurance policy by refusing to consider all

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

of Plaintiff's medical expenses without any medical expert opinion and/or notations in the claim file as to the basis for the denial.

25.     Whether Defendant breached the insurance policy by failing to consider future general damages.

26.     Whether Defendant breached the insurance policy by failing to handle the claim in accordance with its own policies and procedures.

27.     Whether Defendant breached the insurance policy by failing to offer the full authority for the benefits owed to Plaintiff.

28.     Whether Defendant breached the insurance policy by failing to pay the benefits due and owing to Plaintiff.

29.     Whether Defendant breached the insurance policy by relying upon insufficient, speculative and/or biased information.

30.     Whether Defendant breached the insurance policy by failing to give a prompt and forthright explanation to Plaintiff as to the company's position with respect to the claim.

31.     Whether Defendant breached the insurance policy by failing to conduct a diligent search for facts as promptly as possible.

32.     Whether Defendant breached the insurance policy by creating false or fictitious issues to avoid providing and/or paying benefits due and owing to Plaintiff.

33.     Whether Defendant breached its promise for the bargain that when the insured, Plaintiff, was in need, Defendant, as the insurance company, will be there to help like a Good Neighbor.

34.     The damages suffered by Plaintiff.

35.     Any issue of fact set forth above which is more properly regarded as an issue of law.

**B.     Defendant's Issues of Law for Trial**

1.     Whether Plaintiff's claim for Breach of Contract has any merit.

2.     The legal propriety of remedies, including damages, equitable relief, interest, attorney's fees, and costs recoverable by Plaintiff as a matter of law in the event that she prevails on

1    the jury's verdict.

2            3.      Whether or not Plaintiff fulfilled her duty to cooperate with State Farm under

3    the terms of the subject policy.

4            4.      Any issue of fact set forth above which is more properly regarded as an issue

5    of law.

6    **VII.    EVIDENCE**

7            A.      **The following exhibits are stipulated into evidence in this case and may be so marked by the clerk**

8

9                    (a)     Traffic Accident Report: PLT ECC 0069-0076;

10                   (b)     Photos of Collision: PLT ECC 0077-0080;

11                   (c)     Redacted Non-Confidential Certified Policy: SF POL 1-60

12                   (d)     Redacted Non-Confidential State Farm Claim File: SF 1–1746

13                   (e)     State Farm Claim Notes: SF 1-242

14                   (f)     Claims Correspondence: PLT ECC 0081-2288

15                   (g)     State Farm Auto Injury Evaluation: SF 181-187

16                   (h)     Non-Confidential Portions of State Farm Auto Claim Manual:

17                           CASGIN00000001PROD - CASGIN00000030PROD

18                   (i)     Non-Confidential Portions of State Farm Employees Education and

19                           Training: CASGIN00000031PROD - CASGIN00000033PROD

20                   (j)     Non-Confidential State Farm Materials: PLT DOEW 0137-0227

21                   (k)     Redacted Medical Records and Bills from American Medical

22                           Responses: PLT ECC 2289-2297

23                   (l)     Redacted Medical Bill from Vituity NV Koury Partners PLLC

24                           (records included in St. Rose Dominican Hospital Records): PLT

25                           ECC 2298-2299

26                   (m)     Redacted Radiology Associates of Nevada Bill (records included in

27                           St. Rose Dominican Hospital Records): PLT ECC 2300-2301

28                   (n)     Redacted Medical Records and Bills from Dignity Health-St. Rose

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1                                    15

1  Dominican Hospital-San Martin Campus (Imaging Produced on CD):

2  PLT ECC 2302-2321; PLT 1ST 001-145

3  (o)  Redacted Medical Records and Bills from FYZICAL Therapy and

4  Balance Centers: PLT ECC 2322-2348

5  (p)  Redacted Medical Records and Bills from Well Care Medical Group,

6  LLC-Bellavue Medical: PLT ECC 2349-2387; PLT 1ST 146-200;

7  PLT 2nd 001-003

8  (q)  Redacted Medical Records and Bills from SimonMed (imaging

9  produced on CD): PLT ECC 2388-2411; PLT 1ST 201-232; PLT 3RD

10  001

11  (r)  Redacted Medical Records and Bills from Neurocare of Nevada: PLT

12  ECC 2412-2516; PLT 1ST 233-344

13  (s)  Redacted Medical Records and Bills from Desert Orthopedic Center:

14  PLT ECC 2517-2545

15  (t)  Redacted Medical Records and Bills from Las Vegas Fire & Rescue:

16  PLT ECC 2546-2559

17  (u)  Redacted Bills from Shadow Emergency Physicians (records

18  included in Summerlin Hospital Records): PLT ECC 2560-2565

19  (v)  Redacted Bills from Desert Radiologists (records included in

20  Summerlin Hospital records): PLT ECC 2566-2568

21  (w)  Redacted Medical Records and Bills from Summerlin Hospital:

22  PLTECC 2569-2658

23  (x)  Redacted Medical Records and Bills from Siems Lasik & Eye

24  Centers: PLT ECC 2659-2661

25  (y)  Redacted Medical Records and Bills from Cardiology &

26  Cardiovascular Consultants: PLT ECC 2662-2713

27  (z)  Redacted Medial Records and Bills from CVS Pharmacy: PLT ECC

28  2714-2725; PLT 2ND 004-009

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

(aa)   Redacted Medical Record from Clark County Fire Dept: PLT 1ST 245-350

(bb)   Redacted Medical Records and Bills from Summerlin Hospital Outpatient Therapy Center: PLT 1ST 351-469

(cc)   Redacted Medical Records and Bills from Southwest Medical Associates Butler Family Medical Center: PLT 1ST 470-509

(dd)   Redacted Medical Records and Bills for Las Vegas Radiology: PLT 1ST 510-522

(ee)   Medical Records & Bills from Gobinder Chopra, M.D.: SF 1747-1860

(ff)   Medical Records & Bills from Las Vegas Radiology: SF 1861-1873

(gg)   Medical Records & Bills from SimonMed: SF 1874-1922

(hh)   Medical Records from St. Rose Dominican Hospital: SF 1923-2057

(ii)   Medical Records from CVS Pharmacy: SF 2058-2062

(jj)   Medical Records & Bills from Desert Orthopedic Center: SF 2063-2177

(kk)   Medical Records from Southwest Medical Associates: SF 2178-2193

(ll)   Medical Records & Bills from Summerlin Hospital: SF 2194-2404

(mm)   All exhibit listed by either Party

(nn)   All documents identified during discovery

(oo)   Responses to Interrogatories

(pp)   Requests to Requests for Production

(qq)   Requests to Requests for Admission

(rr)   Rebuttal and/or impeachment documents

B.   **As to the following exhibits, the party against whom the same will be offered objections to their admission on the grounds stated**

1.   Set forth the Plaintiff's exhibits and objections to them.

2.   Set forth the Defendant's exhibits and objections to them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

**C.** **Electronic evidence**

N/A.

**D.** **Depositions**

    1.    Plaintiff will offer the following depositions: None.

    2.    Defendant will offer the following depositions: None.

**E.** **Objections to Depositions**

    1.    Defendant objects to plaintiff's depositions as follows: None.

    2.    Plaintiff objects to defendant's depositions as follows: None.

**VIII.** **WITNESSES**

**A.** **Plaintiff's Witnesses**

    1.    Plaintiff Gina Castronovo-Flihan
             c/o Ian M. McMenemy, Esq.
             McMenemy Holmes PLLC
             1645 Village Center Circle, Suite 291
             Las Vegas, Nevada 89134

    2.    James Flihan
             c/o Ian M. McMenemy, Esq.
             McMenemy Holmes PLLC
             1645 Village Center Circle, Suite 291
             Las Vegas, Nevada 89134

    3.    Jimmy Flihan
             c/o Ian M. McMenemy, Esq.
             McMenemy Holmes PLLC
             1645 Village Center Circle, Suite 291
             Las Vegas, Nevada 89134

    4.    Brandon Flihan
             c/o Ian M. McMenemy, Esq.
             McMenemy Holmes PLLC
             1645 Village Center Circle, Suite 291
             Las Vegas, Nevada 89134

    5.    Fred Flihan
             c/o Ian M. McMenemy, Esq.
             McMenemy Holmes PLLC
             1645 Village Center Circle, Suite 291
             Las Vegas, Nevada 89134

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

6.    Arletia Marshall
      Claims Specialist
      State Farm Mutual Automobile Insurance Company
      c/o Lewis Brisbois Bisgaard Smith LLP.
      6385 S. Rainbow Boulevard, Suite 600
      Las Vegas, Nevada 89118

7.    Michele Maglione
      Mobile Adjuster
      State Farm Mutual Automobile Insurance Company
      c/o Lewis Brisbois Bisgaard Smith LLP.
      6385 S. Rainbow Boulevard, Suite 600
      Las Vegas, Nevada 89118

8.    Jake Geddes
      Team Manager
      State Farm Mutual Automobile Insurance Company
      c/o Lewis Brisbois Bisgaard Smith LLP.
      6385 S. Rainbow Boulevard, Suite 600
      Las Vegas, Nevada 89118

9.    Jason Snyder
      Team Manager
      State Farm Mutual Automobile Insurance Company
      c/o Lewis Brisbois Bisgaard Smith LLP.
      6385 S. Rainbow Boulevard, Suite 600
      Las Vegas, Nevada 89118

10.   FRCP 30(b)(6) witness for:
      State Farm Mutual Automobile Insurance Company
      c/o Lewis Brisbois Bisgaard Smith LLP.
      6385 S. Rainbow Boulevard, Suite 600
      Las Vegas, Nevada 89118

**B.    Plaintiff's Expert Witnesses**

1.    Enrico Fazzini, D.O., Ph.D., F.A.C.N.
      291 N. Pecos Road
      Henderson, NV 89704

2.    Christopher Platt, PT, DPT
      C/O FYSICAL Therapy & Balance Centers
      9070 W. Cheyenne Ave. Suite 100
      Las Vegas, NV 89129

3.    Rafael Mirchou, MD, FABS
      C/O Well CareMedical Group LLC, Bellavue Medical
      7488 West Sahara Avenue
      Las Vegas, NV
      (702) 641-1240

4.    Gobinder S. Chopra, MD
      C/O Neurocare of Nevada
      6410 Medical Center, Suite A-100
      Las Vegas, NV 89148

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

5.      Thomas Dunn, MD
        C/O Desert Orthopedic Center
        2800 E. Desert Inn Road, Suite 100
        Las Vegas, NV 89121

6.      Christine Derhake, PT, DPT
        C/O Summerlin Hospital Outpatient Therapy Center
        657 Town Center Dr., Suite 117
        Las Vegas, NV 89144

7.      Stephen Strzelec
        C/O Strzelec Consulting Services
        20719 NE 8th St.
        Sammamish, WA 98074

8.      All witnesses identified by any other party to this case.

9.      Any and all custodians of record and/or persons most knowledgeable of any and all entities from which records may be obtained, including, but not limited to, employers, schools, government agencies, private entities, and/or insurance companies.

10.     Any and all witnesses, including rebuttal or impeachment witnesses, offered by the Plaintiffs or other parties to this action.

11.     The parties reserve the right to object to any witness identified by either party.

C.      **Defendant's Possible Witnesses**

1.      Gina Castronovo-Flihan
        c/o Ian M. McMenemy, Esq.
        McMenemy Holmes PLLC
        1645 Village Center Circle, Suite 291
        Las Vegas, Nevada 89134

2.      James Flihan
        c/o Ian M. McMenemy, Esq.
        McMenemy Holmes PLLC
        1645 Village Center Circle, Suite 291
        Las Vegas, Nevada 89134

3.      Jimmy Flihan
        c/o Ian M. McMenemy, Esq.
        McMenemy Holmes PLLC
        1645 Village Center Circle, Suite 291
        Las Vegas, Nevada 89134

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4.  Brandon Flihan
    c/o Ian M. McMenemy, Esq.
    McMenemy Holmes PLLC
    1645 Village Center Circle, Suite 291
    Las Vegas, Nevada 89134

5.  Fred Flihan
    c/o Ian M. McMenemy, Esq.
    McMenemy Holmes PLLC
    1645 Village Center Circle, Suite 291
    Las Vegas, Nevada 89134

6.  Arletia Marshall
    Claims Specialist
    State Farm Mutual Automobile Insurance Company
    c/o Lewis Brisbois Bisgaard Smith LLP.
    6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, Nevada 89118

7.  Michele Maglione
    Mobile Adjuster
    State Farm Mutual Automobile Insurance Company
    c/o Lewis Brisbois Bisgaard Smith LLP.
    6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, Nevada 89118

8.  Jake Geddes
    Team Manager
    State Farm Mutual Automobile Insurance Company
    c/o Lewis Brisbois Bisgaard Smith LLP.
    6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, Nevada 89118

9.  Jason Snyder
    Team Manager
    State Farm Mutual Automobile Insurance Company
    c/o Lewis Brisbois Bisgaard Smith LLP.
    6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, Nevada 89118

10. Enrico Fazzini, D.O., Ph.D., F.A.C.N.
    291 N. Pecos Road
    Henderson, NV 89704

11. Christopher Platt, PT, DPT
    C/O FYSICAL Therapy & Balance Centers
    9070 W. Cheyenne Ave. Suite 100
    Las Vegas, NV 89129

12. Rafael Mirchou, MD, FABS
    C/O Well CareMedical Group LLC, Bellavue Medical
    7488 West Sahara Avenue
    Las Vegas, NV
    (702) 641-1240

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

13.   Gobinder S. Chopra, MD
C/O Neurocare of Nevada
6410 Medical Center, Suite A-100
Las Vegas, NV 89148

14.   Thomas Dunn, MD
C/O Desert Orthopedic Center
2800 E. Desert Inn Road, Suite 100
Las Vegas, NV 89121

15.   Christine Derhake, PT, DPT
C/O Summerlin Hospital Outpatient Therapy Center
657 Town Center Dr., Suite 117
Las Vegas, NV 89144

16.   FRCP 30(b)(6) witness for:
State Farm Mutual Automobile Insurance Company
c/o Lewis Brisbois Bisgaard Smith LLP.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

17.   Caleb Myers
Messner Reeves, LLP
8945 W Russell Rd. #300
Las Vegas, NV 89148

18.   Brock Ohlson, Esq.
Brock Ohlson Injury Lawyers
6060 Elton Ave.
Las Vegas, Nevada 89107

**D.**   **Defendant's Expert Witnesses**

1.   Andrew Cash, M.D., P.C.
Desert Institute of Spine Care
5130 S. Ft. Apache Rd., Box 215-415
Las Vegas, NV 89148

2.   Mark Winkler, M.D.
8 Morning Sky Lane
Las Vegas, Nevada 89135

3.   David L. Ginsburg, M.D.
851 S. Rampart Boulevard, Suite 115
Las Vegas, NV 89145

4.   Edward McKinnon
Claims Resource Management Inc.
33345 Santiago Rd.
Acton, CA 93510

5.   All witnesses identified by any other party to this case.

6.   Any and all custodians of record and/or persons most knowledgeable of any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  and all entities from which records may be obtained, including, but not limited to,

2  employers, schools, government agencies, private entities, and/or insurance

3  companies.

4  7.  Any and all witnesses, including rebuttal or impeachment witnesses, offered

5  by the Plaintiffs or other parties to this action.

6  8.  The parties reserve the right to object to any witness identified by either party.

7  **IX.  PROPOSED TRIAL DATES**

8  Counsel have met and submitted a list of three agreed-upon trial dates.  It is expressly

9  understood by the undersigned that the Clerk will set the trial of this matter on one of the agreed-

10  upon dates, if possible, if not, the trial will be set at the convenience of the Court's calendar:

11  **PARTIES REQUEST:** The Attorneys or parties have met and jointly offer these trial dates:

12  **1.  01/16/2024      2.  01/22/2024      3.  02/05/2024**

13  It is expressly understood by the undersigned that the court will set the trial of this matter on

14  one of the agreed upon dates if possible, if not, the trial will be set at the convenience of the court's

15  calendar.

16  **X.  PROPOSED TRIAL DURATION**

17  It is estimated that the trial herein will take a total of **10-12** days.

18  APPROVED AS TO FORM AND CONTENT.

19  DATED this 13th day of November, 2023          DATED this 13th day of November, 2023

20  MCMENEMY | HOLMES PLLC                    LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22  By: */s/ Ian M. McMenemy*                         By:  */s/ Frank A. Toddre, II*
    Ian M. McMenemy, Esq.                              Robert W. Freeman, Esq.

23  Nevada Bar No. 13190                               Nevada Bar No. 3062
    Dustun H. Holmes, Esq.                             Frank A. Toddre, II

24  Nevada Bar No. 12776                               Nevada Bar No. 11474
    1645 Village Center Cir., Ste 291                  6385 S. Rainbow Blvd, Suite 600

25  Las Vegas, Nevada 89134                            Las Vegas, Nevada 89118

26

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1                          23

**XI.    ACTION BY THE COURT**

(a)    This case is set for court/jury trial on the stacked calendar on **February 5, 2024, at 9:00 a.m.** Calendar Call shall be held on **January 31, 2024, at 1:30 p.m.**

(b)    An original and two (2) copies of each trial brief shall be submitted to the clerk on or before Calendar Call.

(c)    Jury Trials:

(1)    An original and two (2) copies of all instructions requested by either party shall be submitted to the clerk for filing on or before:  Calendar Call.,

(2)    An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on voir dire shall be submitted to the clerk for filing on or before: Calendar Call.

(d)    Court Trials:

Not applicable.

(e)    Counsel shall serve a copy of any trial brief, proposed findings of fact and conclusions of law, proposed voir dire questions, and proposed jury instructions upon opposing counsel contemporaneously with the filing thereof with the Court.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case.  This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

IT IS SO ORDERED:

DATED November 20, 2023.

_____
UNITED STATES DISTRICT COURT JUDGE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

131991983.1

24