ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
FRANK A. TODDRE, II
Nevada Bar No. 11474
Frank.Toddre@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMTH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| GINA CASTRONOVO-FLIHAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign company; AND DOES I through V, inclusive<br><br>Defendants. | CASE NO. 2:20-cv-1197-JCM-DJA<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE NO. 1 TO EXCLUDE DISCUSSION OF STATE FARM'S CLAIMS HANDLING** |

Defendant State Farm Mutual Automobile Insurance Company ("SFMAIC" or "Defendant"), by and through its attorneys of record, Lewis Brisbois Bisgaard & Smith, LLP, hereby moves the Court for Orders *in Limine* preventing Plaintiff or Plaintiff's counsel from offering any evidence, or making any direct or indirect references whatsoever, in person, by counsel, or through witnesses or exhibits relating to the matters discussed below.

This Motion is made and based upon the papers and pleadings on file herein, the points and authorities hereinafter set forth, and the oral argument of counsel at the time of hearing on this matter.

/ / /

/ / /

/ / /

133348972.1

1   Defendant anticipates filing two more concurrent motions in limine regarding similar topics but requesting slightly different relief.

DATED this 5th day of January 2024.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By   */s/ Frank A. Toddre, II*
ROBERT W. FREEMAN
Nevada Bar No. 3062
FRANK A. TODDRE, II
Nevada Bar No. 11474
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

133348972.1

**DECLARATION OF FRANK A. TODDRE IN SUPPORT OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE 1 TO EXCLUDE DISCUSSION OF STATE FARM'S CLAIMS HANDLING**

STATE OF NEVADA     )
                    ) ss
COUNTY OF CLARK     )

I, FRANK A. TODDRE, do hereby declare as follows:

1. I am an attorney of law duly licensed to practice in all courts of the State of Nevada and I am a partner with the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP, attorneys for Defendant.

2. That I have personal knowledge of the matters set forth below and can competently testify thereto if called to do so.

3. That the factual assertions and representations made in this motion are true and correct to the best of my knowledge.

4. I have presented the topics of the motions in limine with opposing counsel but do not believe a reasonable compromise is possible given the Court's ruling on summary judgment.

Pursuant to NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of January 2024.

/s/ Frank A. Toddre, II
Frank A. Toddre II

133348972.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS/INTRODUCTION

On January 23, 2019, Plaintiff's Mercedes C-300 compact vehicle struck tortfeasor Baculo-Bacon's 2015 Kia Soul compact SUV in T-bone fashion, after tortfeasor attempted a left turn across three lanes of travel. Plaintiff reported traveling approximately 40 MPH at the time of impact, and police determined the tortfeasor was at fault for the accident.

Following the impact, Plaintiff complained of pain at the scene, including striking her head; and was transported by ambulance to St. Rose Dominican Hospital for emergency care for her injuries. Plaintiff was insured with SFMAIC at the time of the subject accident, with a $100,000.00/$300,000.00 coverage limit.[1]

In the time after the accident, Plaintiff's initial attorney, Brock Ohlson, reported that Plaintiff received a back sprain/strain, a concussion, leg injury, and a wrist injury from the subject accident. Mr. Ohlson ultimately requested the UIM policy limits for Ms. Castronovo-Flihan, and State Farm requested an independent medical examination in order to further evaluate the claim.

Despite no lapses in communication, no unexplained offers, or unreasonable delays, Plaintiff filed her Complaint against SFMAIC on June 23, 2020, with Causes of Action for Breach of Contract, Violations of Unfair Claims Practices Act, and Breach of the Covenant of Good Faith and Fair Dealing.[2]

On September 15, 2022, Defendant SFMAIC filed its Motion for Partial Summary Judgment, which sought summary judgment on Plaintiff's Second Cause of Action for Violations of NRS § 686A.310 and Plaintiff's Third Cause of Action for Violations of the Covenant of Good Faith and Fair Dealing.[3] Counsel for Plaintiff filed an opposition[4] on October 17, 2022, and counsel

---

[1] The subject tortfeasor's insurance, Farmers Insurance, settled with Plaintiff for its policy limit of $50,000.00.

[2] See Subject Complaint at 59, 70, 78 (ECF No. 1)

[3] See SFMAIC's Motion for Partial Summary Judgment (ECF No. 40)

[4] See Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment (ECF No. 46)

133348972.1

for SFMAIC filed its reply[5] on November 7, 2022.[6] After extensive briefing on the issues, United States District Court Judge James C. Mahan granted the Motion in favor of SFMAIC, dismissing Plaintiff's Second Cause of Action for Statutory violations under NRS § 686A.310, Plaintiff's Third Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing, and Plaintiff's prayer for punitive damages.[7]

In the aftermath of the dismissal of Plaintiff's extra-contractual charges, Counsel for Plaintiff has submitted documents and witnesses in the JPTO that plainly consider dismissed claims handling issues and bad faith type issues of law. This is demonstrated in the Joint Pre-Trial Order, wherein Plaintiff repeatedly makes reference to alleged issues during the claims handling process. Plaintiff's issues for trial include "the allegations of State Farm's *unreasonable and improper conduct* in breaching the insurance policy,"[8] "[w]hether Defendant breached the insurance policy by failing to acknowledge and act reasonably upon communication with respect to Plaintiff's claim under the insurance policy,"[9] and "[w]hether Defendant breached the insurance policy by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims."[10] As these 'issues of trial' are plainly related to alleged defects in SFMAIC's claims handling, and not a breach of contract action, this Motion in Limine seeks to exclude any and all discussion of SFMAIC's handling of Plaintiff's injury claim.

///

///

---

[5] *See* Defendant State Farm Mutual Automobile Insurance Company's Reply in Support of its Motion for Partial Summary Judgment Pursuant to FRCP 56(c) (ECF No. 4)

[6] The parties stipulated to allow Plaintiff additional time to file an opposition, and for Defendant to have additional time to file a reply brief. (ECF No. 45, ECF No. 48)

[7] *See* Order Granting Motion for Partial Summary Judgment (ECF No. 54), at Page 5, lines 3-5; Page 7, lines 1-4; Page 7, lines 5-6.

[8] *See* Joint Pre-Trial Order, (ECF No. 62) at Pages 1-2, Lines 25, 1

[9] *See Id* at Page 12, Line 4

[10] *See Id* at Line 5.

## II. LEGAL ARGUMENT

### A. Case Law Regarding Limitation of Testimony on Dismissed Causes of Action

"Motions in limine are authorized 'pursuant to the district court's inherent authority to manage the course of trials.'"[11] Further, "[t]he Court has authority to issue a preliminary ruling on the admissibility of evidence, and the decision to do so is vested in the sound discretion of the Court."[12] In federal diversity cases, the Federal Rules of Evidence ("FRE"), and not state law, control evidentiary questions.[13]

Relevant evidence is generally admissible.[14] Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence.[15] Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or confusing or misleading the jury.[16] Judges in the District Court of Nevada have precluded evidence that is not relevant to any fact as alleged in *remaining* causes of action as alleged in the operative Complaint.[17]

This includes excluding evidence and discussion of claims handling of underinsured/uninsured motorist coverage when a trial is focused exclusively on a breach-of-contract claim.

This Court recently provided a ruling in a similar case precluding claims handling evidence when the breach of contract was the only surviving claim as follows:

---

[11] *United States v. Bickle*, 2011 U.S. Dist. LEXIS 95733 at *3 (D. Nev. 2011) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).)

[12] *Id*. (citing *United States v. Kennedy*, 714 F.2d 968, 975 (9th Cir. 1983).)

[13] *See* FRE 101, 1101; *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 244-46 (1st Cir. 1985); *Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423, 428 n.2 (9th Cir. 1976) (citing *Hanna v. Plumer*, 380 U.S. 460, 464-74, 85 S. Ct. 1136 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938).)

[14] FRE 402.

[15] FRE 401.

[16] FRE 403.

[17] *Meredith v. Weilburg,* 2015 U.S. Dist. LEXIS 69155, *4 (D.Nev. 2015).

> "[The Court grants] the motion in limine seeking to exclude offers of compromise, evidence of claim handling, evidence regarding the actions/inactions of the insurance adjuster and [Plaintiff's] attorney, claims file documentation and settlement offers….and to the extent [Plaintiff] plans to introduce evidence of "pattern and practice" of undervaluing or denying underinsured motorist benefits, [the Court] finds that evidence is irrelevant to the breach of contract claim and excludes it."[18]

Furthermore, the 9th Circuit has reviewed a case wherein a judge in the District Court of Alaska granted a motion in limine, which excluded evidence of instances of bad-faith behavior when the trial was strictly about breach of contract and took no issue with it.[19]

### B.  Judge Mahan's Order

Here, Plaintiff's causes of action for violations of NRS § 686A.310 and breach of the covenant of good faith and fair dealing have both been dismissed.[20] Any discussion of SFMAIC's claims handling is irrelevant to the value dispute that is the essence of the breach of contract claim, and would be more prejudicial than probative.[21] Therefore, any discussion of SFMAIC's claims handling should be excluded from trial.

First, this Court dismissed NRS § 686A.310 statutory claims alleging SFMAIC misrepresented pertinent facts or policy provisions and offered an extremely low valuation to the insured claim.[22] This Court has disposed of the claims for lack of subject matter violation when it found she did not exhaust administrative remedies prior to filing.[23] Without jurisdiction, the Court may not adjudicate the merits of a statutory claim.  As such it cannot hear arguments regarding potential violations at trial.

---

[18] *Humes v. Acuity*, No. 2:17-cv-01778-JAD-DJA, 2021 U.S. Dist. LEXIS 92878, at *5 (D. Nev. May 14, 2021)

[19] *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1106-07 (9th Cir. 2011) (District Court decision Affirmed in Part, Reversed in Part and Remanded, for unrelated reasons)

[20] *See* Order Granting Motion for Partial Summary Judgment (ECF No. 54), at Page 5, lines 3-5; Page 7, lines 1-4; Page 7, lines 5-6.

[21] FRE 403.

[22] ECF No. 1 at 9-10.

[23] ECF No. 54 at p. 5.

Next, the Court has found "No reasonable jury could find that defendant acted unreasonably or with reckless disregard when deciding to deny coverage for plaintiff's claim."[24] The Court noted SFMAIC had three doctors review the medical records to find she had soft tissue injury and no objective imaging evidence of traumatic brain injury.[25] Regardless of the contrasting medical opinions, the Court's primary determination is that the undisputed evidence showed that State Farm had a reasonable basis for its claims decisions.[26]

May of Plaintiff's identified issues of law are based on what would be 'bad faith' conduct rather than breach of contract. SFMAIC suggests the following JPTO topics are inappropriate:

> 2. Whether Defendant breached the insurance policy by manufacturing reasons to deny the insurance benefits due and owing to Plaintiff under the insurance policy.
>
> 3. Whether Defendant breached the insurance policy by making the claims process an adversarial or competitive process.
>
> 4. Whether Defendant breached the insurance policy by failing to acknowledge and act reasonable upon communication with respect to Plaintiff's claim under the insurance policy.
>
> 5. Whether Defendant breached the insurance policy by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims.
>
> 6. Whether Defendant breached the insurance policy by failing to promptly equate and communicate the evaluations to Plaintiff.
>
> 7. Whether Defendant breached the insurance policy by failing to offer to Plaintiff what was owed.
>
> 8. Whether Defendant breached the insurance policy by refusing to communicate with Plaintiff and perform an investigation as to her general damages for the evaluation.
>
> 9. Whether Defendant breached the insurance policy by reducing Plaintiff's claim by improperly basing her claim upon Medicare values for medical treatment through a claims software system.
>
> 10. Whether Defendant breached the insurance policy by denying Plaintiff's claim for the full policy limits.

---

[24] *Id* at p. 6

[25] *Id*.

[26] *Id*.

11. Whether Defendant breached the insurance policy by making misrepresentations to Plaintiff.

12. Whether Defendant breached the insurance policy by delaying in its investigation and evaluation of the claim.

13. Whether Defendant breached the insurance policy by denying the claim before completing an evaluation.

14. Whether Defendant breached the insurance policy by training its adjusters to deny benefits by making low-ball offers that are below the evaluations.

15. Whether Defendant breached the insurance policy by refusing to communicate its evaluation to Plaintiff.

16. Whether Defendant breached the insurance policy by failing to provide an explanation of its offer and evaluation to Plaintiff.

17. Whether Defendant breached the insurance policy by misrepresenting and improperly asserting that the in-person meeting between its adjuster and Plaintiff has to take place in a public library.

18. Whether Defendant breached the insurance policy by failing to consider the new information of Plaintiff's general damages after the in-person interview and increase the value of Plaintiff's claim.

19. Whether Defendant breached the insurance policy by failing to pay Plaintiff a portion of the policy benefits commonly known as the impasse payment or undisputed amount.

20. Whether Defendant breached the insurance policy by failing to offer the full value of the evaluations for the owed policy benefits.

21. Whether Defendant breached the insurance policy by failing to give equal considerations to Plaintiff.

22. Whether Defendant breached the insurance policy by failing to comply with policies and procedures in retaining medical experts.

23. Whether Defendant breached the insurance policy by delaying in its retention of experts.

24. Whether Defendant breached the insurance policy by refusing to consider all of Plaintiff's medical expenses without any medical expert opinion and/or notations in the claim file as to the basis for the denial.

26. Whether Defendant breached the insurance policy by failing to handle the claim in accordance with its own policies and procedures.

27. Whether Defendant breached the insurance policy by failing to offer the full authority for the benefits owed to Plaintiff.

28. Whether Defendant breached the insurance policy by failing to pay the benefits due and owing to Plaintiff.

133348972.1

29. Whether Defendant breached the insurance policy by relying upon insufficient, speculative and/or biased information.

30. Whether Defendant breached the insurance policy by failing to give a prompt and forthright explanation to Plaintiff as to the company's position with respect to the claim.

31. Whether Defendant breached the insurance policy by failing to conduct a diligent search for facts as promptly as possible.

32. Whether Defendant breached the insurance policy by creating false or fictitious issues to avoid providing and/or paying benefits due and owing to Plaintiff.

33. Whether Defendant breached its promise for the bargain that when the insured, Plaintiff, was in need, Defendant, as the insurance company, will be there to help like a Good Neighbor.

These are plainly 'bad faith' legal issues/arguments and factual claim handling topics. The demonstrated intent to raise these topics at trial is an attempt to get around the Court's order on summary judgment. The only remaining question is whether there was a breach of contract. The claims handling decisions issues are not on trial, only value. This Court has already ruled no reasonable jury could find the claims handling unreasonable. There is an open and obvious question of fact between the parties regarding damages on the claim, but nothing more.

SFMAIC submits the only remaining issues of law are whether Plaintiff's claim for breach has any merit, the propriety of remedies/damages recoverable by Plaintiff in the event she prevails, and whether the Plaintiff cooperated with her policy by providing only limited medical authorization. If Plaintiff is permitted to present her case in chief as based upon their proposed issues of law, it will cause significant confusion to the jury and prejudice to State Farm.

If Plaintiff is permitted to introduce even the argument the claim was mishandled SF is going to be unreasonably prejudiced. Motions in Limine are reserved for issues that are so potentially divisive that a timely trial objections will not resolve the issue. That is the issue here. Just planting the seed with the jury that her claim was mishandled will pull focus off of the value of the claim and onto handling issues. Any 'rebuttal' by State Farm further opens the door to testimony and the proverbial genie cannot be put back in the bottle.

/ / /

/ / /

133348972.1

### III. CONCLUSION AND REQUEST FOR RELIEF

Motions in Limine are granted or denied at the discretion of the trial judge. Here, Plaintiff's causes of action for violations of NRS § 686A.310 and breach of the covenant of good faith and fair dealing have both been dismissed. Plaintiff's prayer for punitive damages has also been stricken. In a trial for breach of contract, discussion of SFMAIC's claims handling is more prejudicial than probative, and thus references to SFMAIC's claims handling should be excluded.

This case is simple. Plaintiff believes her claim is worth her policy limits and SFMAIC believes otherwise. The only relevant evidence should be limited to the value of her injury claim, nothing else. The experts will testify and the jury will decide which damages are caused by the car accident. There is no reason to talk about the way the claim was handled, especially after the claims were dismissed and the Court ruled SFMAIC acted reasonably.

Specifically, SFMAIC requests this Court exclude offers of compromise and evidence of claim handling, evidence regarding the actions/inactions of the insurance adjuster, and its prelitigation attorneys, claims-file documentation, and settlement offers. To the extent Plaintiff introduces evidence or allegations that SFMAIC has a "pattern and practice" of undervaluing or denying underinsured-motorist benefits, this Court should find evidence is irrelevant to her breach-of-contract claim and exclude it.

DATED this 5th day of January 2024.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ Frank A. Toddre, II
ROBERT W. FREEMAN
Nevada Bar No. 3062
FRANK A. TODDRE, II
Nevada Bar No. 11474
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

133348972.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of January, 2024, a true and correct copy of the forgoing **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE 1 NO. 1 TO EXCLUDE DISCUSSION OF STATE FARM'S CLAIMS HANDLING** was filed and served via the United States District Court CM/ECF system.

Ian M. McMenemy, Esq.
Dustun H. Holmes, Esq.
MCMENEMY | HOLMES PLLC
1645 Village Center Circle, Suite 291
Las Vegas, Nevada 89134
Telephone: (702) 874-4878
Fax: (702) 874-4969
ian@mcmenemyholmes.com
dhh@mcmenemyholmes.com
*Attorneys for Plaintiff*

By  /s/ Jeannette Versoza
An Employee of LEWIS BRISBOIS BISGAARD & SMITH

133348972.1