ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
FRANK A. TODDRE, II
Nevada Bar No. 11474
Frank.Toddre@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMTH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| GINA CASTRONOVO-FLIHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign company; AND DOES I through V, inclusive<br><br>　　　　Defendants. | CASE NO. 2:20-cv-1197-JCM-DJA<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE NO. 3 RE: LIMITATION OF EMOTIONAL DAMAGES** |

Defendant State Farm Mutual Automobile Insurance Company ("SFMAIC" or "Defendant"), by and through its attorneys of record, Lewis Brisbois Bisgaard & Smith, LLP, hereby moves the Court for Orders *in Limine* preventing Plaintiff or Plaintiff's counsel from offering any evidence, or making any direct or indirect references whatsoever, in person, by counsel, or through witnesses or exhibits relating to the matters discussed below.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

133349961.1

1  This Motion is made and based upon the papers and pleadings on file herein, the points and
2  authorities hereinafter set forth, and the oral argument of counsel at the time of hearing on this
3  matter.
4  DATED this 5th day of January 2024.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  */s/ Frank A. Toddre, II*
ROBERT W. FREEMAN
Nevada Bar No. 3062
FRANK A. TODDRE, II
Nevada Bar No. 11474
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

133349961.1

**DECLARATION OF FRANK A. TODDRE IN SUPPORT OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE NO. 3 RE: LIMITATION OF EMOTIONAL DAMAGES**

STATE OF NEVADA      )
                     ) ss
COUNTY OF CLARK      )

I, FRANK A. TODDRE, do hereby declare as follows:

1. I am an attorney of law duly licensed to practice in all courts of the State of Nevada and I am a partner with the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP, attorneys for Defendants.

2. That I have personal knowledge of the matters set forth below and can competently testify thereto if called to do so.

3. That the factual assertions and representations made in this motion are true and correct to the best of my knowledge.

4. I have presented the topics of the motions in limine with opposing counsel but do not believe a reasonable compromise is possible given the Court's ruling on summary judgment..

5. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Declaration Page and Policy. This has previously been disclosed and is labeled with the same bates number as in discovery.

Pursuant to NRS 53.045, I declare under penalty of perjury that the foregoing is true and DATED this 5th day of January 2024.

　　　　　　　　　　　　　　　　_/s/ Frank A. Toddre, II_
　　　　　　　　　　　　　　　　Frank A. Toddre II

133349961.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS/INTRODUCTION

### A. Subject Motor Vehicle Accident

On January 23, 2019, Plaintiff's Mercedes C-300 compact vehicle struck tortfeasor Baculo-Bacon's 2015 Kia Soul compact SUV in T-bone fashion, after tortfeasor attempted a left turn across three lanes of travel. Plaintiff reported traveling approximately 40 MPH at the time of impact., and police determined the tortfeasor was at fault for the accident.

Following the impact. Plaintiff complained of pain at the scene, including striking her head; and was transported by ambulance to St. Rose Dominican Hospital for emergency care for her injuries. Plaintiff was insured with SFMAIC at the time of the subject accident, with a $100,000.00/$300,000.00 coverage limit.[1]

In the time after the accident, Plaintiff's initial attorney, Brock Ohlson, reported that Plaintiff received a back sprain/strain, a concussion, leg injury, and a wrist injury from the subject accident. Mr. Ohlson ultimately requested the UIM policy limits for Ms. Castronovo-Flihan, and State Farm requested an independent medical examination in order to further evaluate the claim.

Despite no lapses in communication, no unexplained offers, or unreasonable delays, Plaintiff filed her Complaint against SFMAIC on June 23, 2020, with Causes of Action for Breach of Contract, Violations of Unfair Claims Practices Act, and Breach of the Covenant of Good Faith and Fair Dealing.[2]

On September 15, 2022, Defendant SFMAIC filed its Motion for Partial Summary Judgment, which sought summary judgment on Plaintiff's Second Cause of Action for Violations of NRS § 686A.310 and Plaintiff's Third Cause of Action for Violations of the Covenant of Good

---

[1] The subject tortfeasor's insurance, Farmers Insurance, settled with Plaintiff for its policy limit of $50,000.00.

[2] *See* Complaint at 59, 70, 78 (ECF No. 1)

133349961.1

Faith and Fair Dealing.[3] Counsel for Plaintiff filed an opposition[4] on October 17, 2022, and Counsel for SFMAIC filed their reply[5] on November 7, 2022.[6]

### B.  Summary Judgment Order

After extensive briefing on the issues, United States District Court Judge James C. Mahan, granted the Motion in favor of SFMAIC, dismissing Plaintiff's Second Cause of Action for Statutory violations under NRS § 686A.310, Plaintiff's Third Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing , and Plaintiff's prayer for punitive damages.[7]

In the aftermath of the dismissal of Plaintiff's extra-contractual charges, Counsel for Plaintiff has submitted documents and witnesses in the JPTO that plainly consider dismissed claims handling issues and bad faith type issues of law that would support damages that are not recoverable for the remaining claim. In this regard, the instant motion seeks to limit the extent of emotional damages sought by Plaintiff.

Specific to this Motion, Defendant wishes to limit testimony on damages in accordance with the this Court's interpretation of *Century Surety Co. v. Andrews.*  Specifically the Jury should only be able to consider evidence and testimony for damages arising naturally from the breach of contract itself as set out in *Century Sur.Co. v. Andrew* and its progeny.[8]

Specifically Judge Mahan dismissed Plaintiff claims for punitive damage as follows:

> The court will grant defendant's request to dismiss plaintiff's claim for punitive damages. Courts impose punitive damages to punish and deter fraudulent, oppressive, or malicious conduct. *Ace Truck and Equip. Rentals, Inc. v. Kahn*, 746 P.2d 132, 134 (Nev. 1987). Pursuant to NRS 42.005(1), plaintiff must prove by clear

---

[3] *See* SFMAIC's Motion for Partial Summary Judgment (ECF No. 40)

[4] *See* Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment (ECF No. 46)

[5] *See* Defendant State Farm Mutual Automobile Insurance Company's Reply in Support of its Motion for Partial Summary Judgment Pursuant to FRCP 56(c) (ECF No. 4)

[6] The parties stipulated to allow Plaintiff additional time to file an opposition, and for Defendant to have additional time to file a reply brief. (ECF No. 45, ECF No. 48)

[7] *See* Order Granting Motion for Partial Summary Judgment (ECF No. 54), at Page 5, lines 3-5; Page 7, lines 1-4; Page 7, lines 5-6.

[8] 134 Nev. 819, 432 P.3d 180 (Nev. 2018).

133349961.1

and convincing evidence that defendant has been guilty of oppression, fraud, or malice, either express or implied. NRS 42.005(1).

The court's analysis regarding plaintiff's claim for bad faith, clearly demonstrates that there is no way for her to meet the extraordinary burden of demonstrating that defendant acted with fraud or malice. If anything, defendant acted reasonably throughout the process of investigating plaintiff's claim.[9]

This Motion seeks to limit any damages testimony to those reasonably contemplated by and flowing from the contract.

### C.   The UIM Contract

The governing language of the contract is important here for the limitations of the requested relief, and also for the below *Century Surety* analysis. SFMAIC contracted to provide UIM coverage. This coverage is there to provide compensation that could have—or should have—been recovered from the at-fault driver. The Castronovo underinsured motor vehicle coverage insuring agreement states:

> **Insuring Agreement**
>
> We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle. The bodily injury must be:
> 1. sustained by an insured; and
> 2. caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle.[10]

The policy next provides provisions on fault and amount

> **Deciding Fault and Amount**
> 1. a. The insured and we must agree to the answers to the following two questions:
>     (1) Is the insured legally entitled to recover compensatory damages from the owner or driver of the uninsured motor vehicle?
>     (2) If the insured and we agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the uninsured motor vehicle?[11]

---

[9] ECF No. 54 at 7.

[10] **Exhibit A**, Declaration Page and Policy. Bates No. SF POL 43.

[11] *Id*.

133349961.1

## II. LEGAL ARGUMENT

### A. Governing Standard

"Motions in limine are authorized 'pursuant to the district court's inherent authority to manage the course of trials.'"[12] Further, "[t]he Court has authority to issue a preliminary ruling on the admissibility of evidence, and the decision to do so is vested in the sound discretion of the Court."[13] In federal diversity cases, the Federal Rules of Evidence ("FRE"), and not state law, control evidentiary questions.[14]

### B. Century Surety v Andrew

The Nevada Supreme Court recently addressed the extent of damages permissible in a Breach of Contract claim when the insurer has not acted in bad faith.[15] Generally, the Court held - the insurer's liability after it breached its contractual duty to defend was not capped at the policy limits plus the insured's defense costs, and instead, could be liable for any consequential damages caused by its breach.[16] In other words, absent bad faith, consequential damages "should be such as may fairly and reasonably be considered as arising naturally, or were reasonably contemplated by both parties at the time they made the contract."[17] The determination of the insurer's liability depends on the unique facts of each case and is one that is left to the jury's determination.[18]

This Court subsequently distinguished *Andrew* holding the test for consequential damages

---

[12] *United States v. Bickle*, 2011 U.S. Dist. LEXIS 95733 at *3 (D. Nev. 2011) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).)

[13] *Id*. (citing *United States v. Kennedy*, 714 F.2d 968, 975 (9th Cir. 1983).)

[14] *See* FRE 101, 1101; *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 244-46 (1st Cir. 1985); *Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423, 428 n.2 (9th Cir. 1976) (citing *Hanna v. Plumer*, 380 U.S. 460, 464-74, 85 S. Ct. 1136 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938).)

[15] *Century Surety v. Andrew*, 134 Nev. at 819,

[16] *Id*.

[17] *Hornwood v. Smith's Food King No. 1,* 105 Nev. 188, 190, 772 P.2d 1284, 1286 (1989) (internal quotation marks omitted).

[18] *See Khan v. Landmark Am. Ins. Co*., 326 Ga. App. 539, 757 S.E.2d 151, 155 (Ga. Ct. App. 2014).

is not whether it was reasonably foreseeable that the party responsible for the harm would suffer liability; but rather, whether the injured party's harm was reasonably foreseeable at the time the contract was formed.[19]

In *Century* the insured received a default judgment and was injured as a result of Century Surety not providing a defense. For this reason, the Court permitted judgment against Century Surety not only for the policy limit, but for the damages from the default judgment that stemmed from the breach and not providing the plaintiff a defense.

It was clear to the Nevada Supreme Court that if the insurer does not defend its insured, there could be severe implications. In that case it was a default judgment in the millions. Here, the issues are much more specific to a singular aspect of disagreement on recompense value.

### C. The Damages that Stem from the Contract are Limited

Plaintiff purchased a policy with State Farm with an underinsured motorist policy. The understanding of the policy is that the insurer would pay for damages the insured would have been entitled to from the tortfeasor. These are the damages this contract/policy contemplates.

Liability has never been in dispute. The jury is being tasked with deciding the latter provision of contract: the amount of damages the plaintiff would have been entitled to recover from the at fault driver Baculo Bacon.

Here, any damages flow from disagreement on valuation of the Plaintiff's claim and what plaintiff would have been entitled to from the at fault driver. Even if the Court would be persuaded emotional damages could be legally compensable from a tortfeasor, there are no disclosed damages or evidence of this category of damages.

Plaintiff has not argued—beyond a conclusory fashion—for any type of emotional distress damages. There are no billings no psychological records, no level of specificity, and there is no

---

[19] *My Left Foot Children's Therapy v. Certain Underwrites at Lloyds London*, 2021 US Dist. LEXIS 52917 (D. Nev. 2021). The Court cited precedent suggesting (1) damages for loss must 'fairly and reasonably be considered [as] arising naturally...from such breach of contract itself,' and (2) the loss must be 'such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract as the probable result of the breach of it.' *Clark Cnty. Sch. Dist. v. Rolling Plains Const., Inc.*, 117 Nev. 101, 16 P.3d 1079, 1082 (Nev. 2001),

disclosed evidence tying emotional damages to the collision or contract dispute. Plaintiff should not be permitted to present for the first time these sort of damage allegations and testimony. The damages should be limited to those contemplated at contract formation, such as medical damages, interests or costs associated with the breach allegations.

The Court has found that State Farm's actions were reasonable. Reasonable actions should not form the basis for recoverable attendant or compensatory damages. Accordingly, it does not comport that the Court would on one hand determine the claim handling was reasonable and then allow the Plaintiff to assert emotional distress for claim handling. This case is distinctly different from *Century Surety*.

### III. CONCLUSION AND REQUESTED RELIEF

This Court has determined there is no way for Plaintiff to meet the extraordinary burden of demonstrating SFMAIC acted with fraud or malice. Several of the Plaintiff's "Issues of Law" as cited in the Motion for Limine No. 1, veer into the categories of chicanery and suggest improper acts, including fraud or malice. Plaintiff should not be able to introduce testimony or cross State Farm employees about claims handling in order to prove up compensatory relief assorted with an allegation of breach.

This Motion seeks to limit damages and testimony to those contemplated when the contract was formed. While the Plaintiff has submitted medical records for treatment and future recommendations, it has not provided any records that would support emotional damages from the impact or anything beyond the medical treatments.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



133349961.1

Plaintiff should be precluded from offering testimony or evidence of any other damages that have not been disclosed and do not arise naturally from any alleged breach of contract itself.

DATED this 5th day of January 2024.

                LEWIS BRISBOIS BISGAARD & SMITH LLP

By   */s/ Frank A. Toddre, II*
ROBERT W. FREEMAN
Nevada Bar No. 3062
FRANK A. TODDRE, II
Nevada Bar No. 11474
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

133349961.1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of January, 2024, a true and correct copy of the forgoing **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE NO. 3 RE: LIMITATION OF EMOTIONAL DAMAGES** was filed and served via the United States District Court CM/ECF system.

Ian M. McMenemy, Esq.
Dustun H. Holmes, Esq.
MCMENEMY | HOLMES PLLC
1645 Village Center Circle, Suite 291
Las Vegas, Nevada 89134
Telephone: (702) 874-4878
Fax: (702) 874-4969
ian@mcmenemyholmes.com
dhh@mcmenemyholmes.com
*Attorneys for Plaintiff*

By  /s/ Jeannette Versoza
An Employee of LEWIS BRISBOIS BISGAARD & SMITH

133349961.1